UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**RONNY DEVOID WALKER, SR.**                                                          **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 5:23-CV-P31-JHM**

**KATHLEEN KENNEY**                                                             **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Ronny Devoid Walker, Sr., filed the instant *pro se* 42 U.S.C. § 1983 action and paid the filing fee. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Western Kentucky Correctional Complex. He sues Kathleen Kenney, identifying her as a "Commissioner" in Frankfort, Kentucky; Angela Turner Dunham, identifying her as counsel for the Justice and Public Safety Cabinet; K.Buscaglia@Copyright.com, identifying it as the "Patents Licensing Divi" at the United States Copyright Office. He also sues "Joseph 'RUN' Simmons" and "Darryl's 'DMC' McDaniel[,]" and after each, he states "Register my music" at "Profile Records." Plaintiff indicates that he is suing each Defendant in his or her official capacity only.

The first page of the complaint's statement of the claim appears to be a recitation of an order from the Kentucky Supreme Court in a case Plaintiff filed against Defendant Kenney. Plaintiff indicates that he was expecting to receive a response from Defendant Kenney or her attorney, Defendant Dunham, to his filing in the Kentucky Supreme Court. He states, "But I didn't get a letter form the Counsel for the Respondent Kathleen Kenney! Which the Commissioner have been demoted fired?" He states, "This is malpractice conflict of interest." Plaintiff also asserts

that "filing a lawsuit for the violation that does not work for the governmental entity in any more capacity official. Person's the sue must an action be stop either from happening." Plaintiff then discusses the standard for filing a motion for relief from judgment. He also states that he "filed a complaint on this Court's, Pro se 42 U.S.C. * 1983 Bivens Complaint from Judge Phillip J. Shepherd, Franklin Circuit Court."

Plaintiff then states, "To get monetary damages you must sue someone in their unofficial capacity. You must also demonstrate an actual injury of some kind to get money know that you can sue for money damages." He asserts, "This appeal arises from two grievances he filed. Walker at the Easterm Kentucky Correctional Complex (EKCC). Where he was previously housed at I filed a 1983/Bivens Complaint Walker v. Wihoit (E.D. KY 2016). This was 22nd day of November, 2016. See: U.S. Copyright Office Corresp. . . ."

Plaintiff asserts, "I am requesting for Inmate accounts to place the money back into my account and abide? (Litigation's Fees): Corrections Policy and procedure, KOMS automatically deducts from three, institution EKCC, Northpoint, N.T.C., LLCC: According to Walker, this may have money damages, monetary damages, (Miscategorized)." He also asserts, "I do not have outdated debts or my account haven't never been freezes." He states, "Litigation fees over taken money was deducted from his accunt every time/Department of Correctionas policies to explained the deduction was for a copy lien placed on his account while he was at EKCC. But that was not true . . . ."

Plaintiff also states, "This lawsuit, started from small business; K. Buscaglia, COP/LIT. Division Reply, P.O. Box 17680, Washington, DC. 20024-1680. To whom it may concerns, I-38WNOA3 Correspondence ID: RE: Gentleman V. 1 N. 40 9/11/2017. Mr. Walker, Ron D.M'C., author and owner of work."

As relief, Plaintiff seeks compensatory and punitive damages. In the relief section, he also writes, "Pursuant to the Civil Rights Act, 42 U.S.C. 1983." To the complaint, Plaintiff attaches six pages of documents sent to him by the Kentucky Supreme Court, including an order entered on February 8, 2023, denying his motion for discretionary review in a case he filed against Defendant Kenney in the Franklin Circuit Court. He also attaches a letter sent to him by the Kentucky Court of Appeals.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*,

3

404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

Construing the complaint broadly, as it must do at this stage, the Court is unable discern what constitutional right or other federal law Plaintiff alleges was violated. He seems to allege malpractice against Defendant Kenney and/or Dunham, but malpractice is a claim under state tort law and is not a violation of the Constitution or other federal statute actionable under § 1983. *See, e.g.*, *Keene v. Wellpath Corp.*, No. 3:20-CV-676-CHB, 2023 U.S. Dist. LEXIS 34814, at *17 (W.D. Ky. Mar. 1, 2023).

Plaintiff also alleges that money has been wrongfully taken from his inmate account, but he does not allege that any of the named Defendants are responsible for it. However, even if he had, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or deprivation of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533, (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). To assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id*. at 1066. The Sixth Circuit has held that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, because Plaintiff has adequate state law remedies for the alleged loss of his property, he fails to state a constitutional claim based on the payments deducted from his inmate account. Therefore, the claim must be dismissed for failure to state a claim upon which relief may be granted.

5

Moreover, to the extent Plaintiff sues "Joseph 'RUN' Simmons" and "Darryl's 'DMC' McDaniel" seeking to "[r]egister [his] music," he states no factual allegations to indicate that these Defendants violated his constitutional rights or federal law or were acting under color of state law to give rise to a claim under § 1983.

The Court can discern no other claims for violation of the Constitution or other federal statute in the complaint.  Therefore, the remainder of the complaint will be dismissed for failure to state a claim upon which relief may be granted.

### IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date:   January 17, 2024

*Joseph H. McKinley Jr.*, Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.010